# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

BRANDON BOYD,

      Plaintiff,

                            Case No:

v.

                            Hon.

CITY OF CENTERLINE,

      Defendants.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
RYAN T. FOWLER (P84210)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Brandon Boyd (hereinafter "Plaintiff"), by and through his attorneys Scott P. Batey and the Batey Law Firm, PLLC, and for his Complaint against Defendant states as follows:

1.    Plaintiff, Brandon Boyd, is a resident of City of Center Line, County of Macomb and State of Michigan.

2. Defendant, City of Center Line, is a governmental entity duly authorized to do business in the County of Macomb and State of Michigan.

3. The events producing the original injury occurred in Macomb County, State of Michigan.

4. The amount in controversy exceeds $25,000.00, exclusive of interests and costs, and is otherwise within the Jurisdiction of this Court.

5. Plaintiff brings this action for First-Amendment violations and retaliation under 42 U.S.C. § 1983, and height and weight discrimination under the Elliot-Larsen Civil Rights Act, MCLA § 37.2101, *et seq*. stemming from the acts and/or omissions of Defendants which have resulted in mental, emotional and economic damages to Plaintiff.

## <u>GENERAL ALLEGATIONS</u>

6. Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7. Plaintiff began his employment with the City of Center Line Department of Public Works (DPW) on or around August, 2017.

8. Plaintiff's height is 6'7 and he weighs 260 pounds.

9. In or around October 2020, Defendant hired a new manager, Tom Vanderpoot (hereinafter "Vanderpoot").

10. Vanderpoot was giving away Plaintiff's overtime hours to other

employees that he was friends with and not being paid for his overtime hours.

11.  Plaintiff complained to Vanderpoot and his union representative, Todd Heren.

12.  When Plaintiff complained to Vanderpoot, Vanderpoot addressed Plaintiff in derogatory terms, saying, "Hey, big fucking guy….".

13.  Plaintiff reported this discriminatory activity to City Manager, Dennis Champine (hereinafter "Champine") and additionally reported that he was not being paid his overtime hours. Champine took no action against Vanderpoot.

14.  When Plaintiff returned to work with Vanderpoot, Vanderpoot escalated his harassment towards Plaintiff, and regularly called him derogatory names.

15.  On multiple occasions, Vanderpoot called Plaintiff, "big guy," "scary," and "loud;" derogatory terms for Plaintiff based on is height and weight.

16.  Plaintiff then complained to a City Councilman for the City of Center Line, James Reid. Plaintiff reported about the discrimination on the basis of his height and weight and about the overtime hours he had not been paid from both Champine and Vanderpoot. Reid (now deceased) fired Vanderpoot.

17.  In or around April 2021, shortly after Vanderpoot was fired, Defendant hired a new manager for the Department of Public Works, Gary McKinney (hereinafter "McKinney").

18. In retaliation for Plaintiff's complaints to City Councilman Reid, Champine took retaliatory actions against Plaintiff and upon information and belief, instructed McKinney to do the same.

19. On or about May 18, 2021, Plaintiff was sent on a very dangerous job on Van Dyke Avenue with a new co-worker who did not have a Commercial Driver's License (CDL), or experience with the company. Plaintiff needed at least one other driver to safely complete the job that he was asked to do.

20. Defendant sent Plaintiff on this job without the necessary personnel to complete this job in retaliation for complaints about Defendant managers and to discriminate against him on the basis of his height and weight.

21. After this incident Plaintiff applied for leave with the explanation that he "was not safe."

22. Defendants Champine and McKinney regularly harassed Plaintiff and discriminated against him on the basis of his height and weight, and in retaliation for his complaints to city councilman James Reid, usually referring to Plaintiff as "big guy" or a more profane version of this.

23. Defendant and its agents looked for ways to terminate Plaintiff's employment and retaliate against him for complaining to city councilman Reid.

24. Defendant wrote Plaintiff up on several instances in retaliation for Plaintiff's complaints against Defendant's managers.

25.     Defendant fabricated instances that Plaintiff was insubordinate to Defendant's agents Champine and McKinney and claimed that he was not a "team player."

26.     Plaintiff was terminated on June 30, 2021, in retaliation for Plaintiff reporting their illegal discriminatory behavior to City Councilman Reid.

27.     Plaintiff was working on a park the night he was terminated.

28.     Plaintiff was escorted by 5 police officers in front of a crowd of people.

29.     Defendant intentionally sought to humiliate Plaintiff, firing him on the basis of height and weight and in retaliation against him for his reports to a public official.

30.     Defendant fired Plaintiff after three write-ups. Defendant's policy was to fire employees that had there write-ups within a year. Plaintiff had had only two write-ups by Defendant in the previous year.

31.     The actions of Defendant's agents were intentional.

## COUNT I
## FIRST AMENDMENT VIOLATIONS UNDER 42 U.S.C. § 1983

32.     Plaintiff incorporates by reference paragraphs 1 through 31 of the Complaint as though fully set forth herein.

33.     42 U.S.C. § 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another person of any constitutional or federal statutory rights, including Plaintiff's right to petition the Government for a redress of grievances.

34.     Plaintiff petitioned a Government official, City Councilman Reid, about his unpaid overtime hours and the discriminatory treatment from Defendant.

35.     Defendant deprived plaintiff of his civil, constitutional, and statutory rights under color of law and conspired to deprive him of such rights and is liable to plaintiff under 42 USC § 1983.

36.     Defendant's conduct to terminate Plaintiff deprived Plaintiff of his right to petition the Government for a redress of grievances pursuant to the First Amendment of the United States Constitution.

37.     Defendant and its agents have retaliated against Plaintiff for complaining about discriminatory behavior.

38.     As direct and proximate result of Defendant's unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to;

      a.     Lost wages;

      b.     Mental anguish;

      c.     Fright and shock;

    d.    Embarrassment;

    e.    Humiliation and mortification;

    f.    Outrage;

    g.    Anxiety;

    h.    Emotional distress;

    i.    Loss of self-esteem;

    j.    Damaged interpersonal relationships;

    j.    Loss of earnings and other employment benefits; and

    k.    Loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $25,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## WEIGHT AND HEIGHT DISCRIMINATION UNDER
## THE ELLIOT-LARSEN CIVIL RIGHTS ACT, MCLA § 37.2101, ET SEQ.

39.    Plaintiff incorporates by reference paragraphs 1 through 38 of the complaint as though fully set forth herein.

40.    Plaintiff is a large individual, who experienced constant comments and conduct directed toward him based on his height and weight as prohibited by the ELCRA.

41.     The ongoing and continuing unwelcome conduct and communication regarding Plaintiff's height and weight was intended to, and did substantially interfere with employment and/or created an intimidating, hostile, or offensive work environment due to his weight.

42.     Pursuant to the ELCRA, employees, including Plaintiff, are guaranteed the right to be free from discriminatory treatment and harassment and/or retaliation from his employer and/or supervisors based upon their height and/or weight.

43.     Plaintiff's height and weight were a factor in Defendants decisions, actions, treatment, conduct and attitude towards Plaintiff.

44.     Plaintiff has been subjected to work in a hostile work environment due to his height and weight.

45.     Plaintiff is entitled to exemplary and compensatory damages pursuant to the ELCRA as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

46.     Defendant discriminated against their employees by reason of the following acts and/or omissions:

     a.     Violating the laws against discrimination by engaging in weight and height discrimination in the workplace;

     b.     Imposing discipline based on weight and height;

     c.     Taking adverse employment action against based upon weight and height and complaints of weight and height discrimination; and;

     d.     Creating a hostile work environment for employees by discriminating against them, harassing them, and retaliating against them due to weight.

47. Defendant breached and violated its duties owed to their employees, including Plaintiff by reason of the following acts and/or omissions:

     a.     Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

     b.     Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over employees;

     c.     Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

     d.     Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

48. As a direct and proximate result of the actions of Defendant, employees were the subject of discriminatory conduct on the part of Defendant.

49. Plaintiff is entitled to punitive, exemplary, and compensatory damages pursuant to the ELCRA as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

50. Because of the unlawful conduct of Defendant, their agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of

earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $25,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

Respectfully submitted,

**BATEY LAW FIRM, P.L.L.C.**

BY: /s/ Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, MI  48025
    (248) 540-6800
    sbatey@bateylaw.com

Dated:  October 18, 2021

## <u>DEMAND FOR JURY TRIAL</u>

NOW COMES Plaintiff, Brandon Boyd, by and through his attorneys, Scott

P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all

issued allowed by law.

Respectfully submitted,
**BATEY LAW FIRM, P.L.L.C.**

BY: /s/ Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800
sbatey@bateylaw.com

Dated: October 12, 2021